IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cr. No. 05-405 (EGS) |
| ) | |
| MICHAEL DONAHOE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Mr. Michael Donahoe, through undersigned counsel, respectfully submits this memorandum in aid of sentencing, and the exhibit attached hereto, pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. Donahoe respectfully asks the Court to sentence him to a period of 41 months incarceration followed by a period of supervised release.

**DISCUSSION**

On December 1, 2005, Mr. Donahoe pleaded guilty to an Information charging him with three counts of bank robbery. As part of the plea agreement, the government agreed not to oppose a sentence at the low end of the sentencing range recommended under the United States Sentencing Guidelines. A sentence of 41 months is at the low end of those guidelines, but is also an appropriate sentence considering the statutory purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to 18 U.S.C. §§ 3553(a) and 3562, sentencing courts should consider the need

1

for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Michael Donahoe is fifty three years old. He has no prior convictions and one prior arrest for drug possession. As the presentence investigation report (PSI) and the psychological assessment reflect, Mr. Donahoe has struggled with depression and substance abuse for all of his adult life. See report of Dr. Lanning Moldauer attached as exhibit A. Indeed, the immediate offenses are intimately intertwined with Mr. Donahoe's substance abuse.

Mr. Donahoe has been addicted to heroin since 1979. From 1992 until 2004 he attended a methadone clinic which assisted him in resisting his addiction. While attending the methadone clinic, Mr. Donahoe explains that he recalls still feeling the urge to use illegal substances, and sometimes he did. He was a "functioning addict" and was able to maintain steady employment to support himself, while he lived in various shelters in the D.C. area.

In late 2004 Mr. Donahoe's hearing began to deteriorate severely. At the time, he was enrolled in an apprenticeship program through his employer that included a classroom component. Mr. Donahoe ultimately stopped attending classes because he could not hear. His worsening hearing condition coincided with an injury requiring hospitalization that he suffered while working. The combination of these factors sent Mr. Donahoe into a deep depression. He subsequently lost his job, lost his housing at the shelter at which he had lived, and he began using any controlled substance he could acquire. For the first time in his life he had absolutely no

regard for his well-being and his actions demonstrated this.

In September and October, 2005, Mr. Donahoe committed the robberies to which he pleaded guilty. No one was injured in any of the robberies and Mr. Donahoe never possessed a weapon. Mr. Donahoe deeply regrets his crimes. Though he hopes to take the time he will be incarcerated to overcome his drug dependency, understand his depression, and address his hearing loss, the sentence this Court imposes will be more than adequate to deter Mr. Donahoe from future wrongdoing and satisfy society's need to see him punished.

Mr. Donahoe has at all times accepted responsibility for his actions and sought the prompt resolution of this matter. He has always recognized that he faces incarceration. In considering Mr. Donahoe's history and background and all of the purposes of sentencing, Mr. Donahoe urges the Court to impose a sentence that is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing while recognizing the factors that led Mr. Donahoe to commit these crimes and his genuine desire to live the rest of his life as the productive member of society he is capable of becoming. The requested sentence achieves this purpose.

For the foregoing reasons Michael Donahoe respectfully requests the Court to sentence him to 41 months followed by period of supervised release and to recommend that Mr. Donahoe serve his sentence at a facility that can accommodate his hearing loss and provide him drug and mental health counseling.

        Respectfully submitted,

        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER

        _____/S/_____
        Tony Axam, Jr.
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W., Suite 550
        Washington, D.C.  20004
        (202)  208-7500

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th of April, 2006, the foregoing Defendant's Sentencing Memorandum was served on the Assistant United States Attorney, Barbara Kittay, Esq. by electronic means.

        /s/
        _____
        Tony Axam, Jr.
        Assistant Federal Public Defender